Matter of Getman (2024 NY Slip Op 00587)

Matter of Getman

2024 NY Slip Op 00587

Decided on February 2, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, NOWAK, DELCONTE, AND KEANE, JJ. (Filed Feb. 2, 2024).

&em;

[*1]MATTER OF WILLIAM HOWARD GETMAN, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 22, 1977, and he maintains an office in Waterville. In April 2023, the Grievance Committee filed a petition asserting against respondent a sole charge of professional misconduct, alleging that he neglected a client's legal matter, failed to keep the client informed about the status of the matter, and made a false statement of fact to the tribunal presiding over the matter. Although respondent filed an answer denying material allegations of the petition, the parties have since filed a joint motion for discipline on consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of suspension for a period of one year.
Respondent conditionally admits that, in or around 2006, he began representing the Village of Earlville (Village) in various legal matters. Respondent admits that, in 2016, he agreed to represent the Village as defendant in a civil action wherein the plaintiff asserted causes of action for malicious prosecution and due process violations. In September 2018, the judge presiding over the matter held a pretrial conference and ruled that respondent was a potential fact witness, thereby precluding him from representing the Village at trial. The trial court subsequently adjourned the trial date on several occasions due to, inter alia, the COVID-19 pandemic. Respondent admits that, from September 2018 through early 2021, he failed to advise the Village that he was precluded from representing the Village at trial or take action to secure replacement counsel.
Respondent admits that the trial judge held a pretrial conference in early 2021 and set a date for trial in December 2021. Respondent admits that, although he subsequently contacted certain attorneys about representing the Village at trial, those attorneys were not retained by the Village, and respondent thereafter failed to respond to inquiries from the trial judge regarding the status of replacement counsel. Respondent further admits that, in late November 2021, he responded to an inquiry from the trial judge by falsely stating that the Village had retained replacement counsel.
Respondent admits that he advised the Village of the need for replacement counsel three days after he made the aforementioned false statement to the trial judge. Respondent further admits that, although he shortly thereafter sent to potential replacement counsel a proposed consent to change attorney form and check issued by the Village as an advanced payment retainer, respondent failed to forward a proposed retainer agreement. One day later, potential replacement counsel advised the trial judge that they were unable to represent the Village at trial on such short notice.
Respondent admits that, several days later, he attempted to appear before the trial court for commencement of the trial, but the trial judge held the Village in default because respondent was precluded from representing the Village. Approximately one month later, the trial court issued a verdict based on the default awarding the plaintiff damages in the amount of $85,000.
Respondent admits that, although the Village retained replacement counsel and moved to vacate the default in March 2022, the trial court denied the motion and issued a decision stating that respondent's neglect of the matter "was pervasive and ongoing for a significant period of time" and that his conduct constituted a "serious lack of concerned attention to the progress of [*2]this action for which no reasonable excuse has been offered" (Kicinski v Village of Earlville , Sup Ct, Madison County, July 26, 2022, Cerio, Jr., J., index No. 2015-1160 at 18 [internal quotation marks omitted]).
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed with this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that his admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (1) (iii)—failing to inform a client in a prompt manner of a material development in a matter;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.16 (e)—when withdrawal is required, failing to take steps upon termination of representation, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client and allowing time for employment of other counsel;
rule 3.3 (a) (1)—making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law that he previously made to a tribunal;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In imposing the sanction requested by the parties, we have considered the relatively serious nature of the misconduct at issue in this proceeding and respondent's submission in mitigation, which includes statements from certain clients attesting to his professionalism and good standing in the community. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year.